UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| LEILA RENEE GRUBBS,<br><br>        Plaintiff,<br><br>      v.<br><br>ESSEN MEDICAL ASSOCIATES, P.C. d/b/a ESSEN HEALTH CARE, ESSEN MEDICAL URGICARE, PLLC, and DIEGO VALDEZ,<br><br>        Defendants. | Case No.: 1:25-cv-10204<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Leila Renee Grubbs (hereinafter the "Plaintiff"), by and through her attorneys, Sage Legal LLC, upon personal knowledge as to herself and upon information and belief as to other matters, respectfully brings this Complaint against Defendants Essen Medical Associates, P.C. d/b/a Essen Health Care ("Essen"), Essen Medical Urgicare, LLC ("Urgicare") (Essen and Urgicare collectively hereinafter the "Corporate Defendants"), and Diego Valdez (hereinafter "Valdez" or the "Individual Defendant") (the Corporate Defendants and the Individual Defendant collectively hereinafter the "Defendant") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit against Defendants for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

2. Defendants discriminated against Plaintiff by reason of her race and color, and retaliated against Plaintiff for opposing discriminatory conduct both towards herself and others in the workplace.

3. Plaintiff has therefore commenced this case to seek damages for discrimination on the basis of her race and color, including but not limited to back pay, front pay, emotional distress damages, punitive damages, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the NYSHRL and NYCHRL claims arise under a common nucleus of operative facts in relation to Plaintiff's federal Title VII claims.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, i.e., Plaintiff performed the work for Defendants in Bronx, New York.

## PARTIES

6. Plaintiff is an adult individual who is currently a citizen of the State of Maryland, residing within the City of Baltimore.

7. At all relevant times during Plaintiff's employment, including at the time of her termination, Plaintiff was a citizen of the State of New Jersey, residing within the County of Essex, and commuted to work from the State of New Jersey to the State of New York every day during her employment with Defendants.

8. Plaintiff was employed by the Defendants in the State of New York since in or about approximately March 2024.

9. Essen is a business entity incorporated under the laws of the State of New York with a principal place of business located at 2626 Halperin Avenue, Bronx, NY 10461-2631.

10. Upon information and belief, Urgicare is a business entity organized under the laws of the State of New York with a principal place of business located at 2626 Halperin Avenue, Bronx, NY 10461-2631.

11. Upon information and belief, Valdez is a citizen of the State of New York residing within the County of Bronx.

12. At all times relevant, Valdez maintained supervisory authority over Plaintiff and had the power to hire, fire, set the schedule, wages, and the terms & conditions of employment of Plaintiff.

13. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of New York.

## PROCEDURAL BACKGROUND

10. Plaintiff exhausted her administrative remedies at the United States Equal Employment Opportunity Commission ("EEOC").

11. The EEOC issued Plaintiff a Notice of Right to Sue (the "Notice"), which Plaintiff received on September 10, 2025.

12. A true and correct copy of the Notice is attached hereto as **Exhibit "A."**

13. This Complaint is being filed within ninety (90) days of Plaintiff's receipt of the Notice from the EEOC.

## FACTS

13. Based upon the information preliminarily available, and subject to discovery in this cause, Defendants discriminated and retaliated against the Plaintiff on the basis of her race and color, as well as for opposing discriminatory practices.

3

14. Plaintiff was hired as the Associate Director of Training in or around March 2024 for a clinical training position, where she has consistently demonstrated a high level of competence and professionalism.

15. Plaintiff brought an impressive background and exceptional skills to the Defendants, contributing meaningfully to its clinical training program and overall operations.

16. A week after being hired by the Defendant, Plaintiff was assigned four (4) tasks, one of which involved developing slides for an orientation.

17. Marie Sebatino ("Sebatino"), Plaintiff's immediate manager, told Plaintiff that the one which had been created by her predecessor, Michelle Rodriguez, was not approved by Sebatino's manager, Valdez.

18. During the course of the development process, Plaintiff kept her supervisor updated but the latter never made herself available to review Plaintiff's work.

19. At that time, Plaintiff was unaware of the existence of Defendants' training manual, which she later learned contained Defendants' employment policies, and was led to believe that no such training manual or policies existed.

20. On April 2, 2024, Valdez held a meeting with the members of his core team, consisting of Michelle Valencia ("Valencia"), Krysten Despiau, Sierra Dela Cruz, Patricia Taylor, Hans Desnoyers ("Desnoyers"), Diana Carvajal, Michael Serrano, and Mary Okyere.

21. During this meeting, Valdez openly announced that Plaintiff was "trouble."

22. While in the meeting, Valdez received a call from Sebatino after which Valdez motioned to everyone to be quiet while placing the call on speaker.

Case 1:25-cv-10204 Document 1 Filed 12/09/25 Page 5 of 11

23. Everyone in the meeting overheard Sebatino confiding to Valdez that she was experiencing some mental health problems and that she needed to speak with her psychiatrist to increase her medication.

24. This conduct struck Plaintiff as rude, morally irresponsible, and an unwarranted invasion of Sebatino's rights to confidentiality over her medical history.

25. A week or two later, Plaintiff overheard Valdez referencing another Associate Director at Essen, Ebony Singleton ("Singleton"), as "ghetto."

26. This was part of a pattern of discriminatory behavior which Valdez encouraged in the workplace.

27. For example, in or around February 2024, Valencia – who works closely with Valdez – stated words to the effect of "get that monkey some soup," referring to Nikkisha Nixon ("Nixon") as the monkey in Spanish when Valdez offered to buy Nixon lunch.

28. Plaintiff observed that Valdez did not correct Valencia, showing that Defendants approved of such behavior.

29. In March and April of 2024, Plaintiff complained to human resources about the discrimination she faced, to no avail.

30. Valdez's discriminatory behavior was so pervasive within the Defendants' work culture that many employees felt uncomfortable making formal complaints.

31. For example, Andres Palma ("Palma") had complained to Plaintiff that Desnoyers and Valdez encouraged him to leave his girlfriend stating that "all men who think they are heterosexual are not."

32. Eventually, Palma reported his complaint to Patricia Keating that Valdez had touched him in a way that made him uncomfortable, despite the fear of losing his job.

5

33. Plaintiff learned from Desnoyers that he refrained from reporting Valdez due to fear of being fired.

34. Similarly, Singleton and Starlet Holden – both of whom are African American or black – reported that they have been treated with disdain and were segregated from the larger Health Home group since they were hired.

35. Singleton anonymously reached out to the Human Resources department for help.

36. However, Valdez and his core team were informed ahead of time and were able to contrive a story and offer a false narrative of their appreciation for African-American employees, when in truth and in fact, they consistently spewed hate speech about African-Americans in their native language.

37. On April 15, 2024, Valdez informed Plaintiff that she had to present the orientation which she facilitated the week prior.

38. At this point, it came to light that there was an orientation manual all along, and that Valdez had actual knowledge of its existence.

39. In other words, the Defendants set Plaintiff up to fail and look incompetent in front of her peers by falsely leading her to believe that no such training manual existed for orientations.

40. Valdez engaged in this conduct to openly laugh at and mock Plaintiff in front of all of her colleagues due to his discriminatory animus towards her.

41. Later that day, in mid to late April of 2024, Plaintiff made another formal complaint to human resources regarding the race and color discrimination carried out by Valdez.

42. In late April 2024, following Plaintiff's complaint of discrimination and harassment, she was summarily fired by Defendant.

43. Specifically, Defendants stated that Plaintiff's termination was carried out under the pretense of a "layoff."

44. Such action was clearly pretext for Plaintiff's earlier complaints of discrimination and harassment.

45. Defendants failed to provide any evidence of disciplinary action prior to Plaintiff's complaint.

46. Plaintiff's termination following her protected activity raises the ugly specter of a retaliatory discharge.

47. As a result of these violations of employment laws, Plaintiff seeks damages in an amount to be determined at trial.

48. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems just, equitable, and proper.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII AGAINST THE CORPORATE DEFENDANTS

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

50. Plaintiff is a member of a protected class on the basis of her race and color because she is an African American woman who is black.

51. Additionally, Plaintiff had witnessed repeated discriminatory behavior regarding the sexual orientation, gender identity, and race of other colleagues.

52. Plaintiff, in all respects, was performing her job in a manner that was consistent with Defendants' legitimate business expectations.

53. Defendants discriminated and retaliated against Plaintiff as described above, when Plaintiff, after having reported the discrimination and harassment in Defendants' workplace, was unlawfully terminated.

54. There exists a causal connection based on temporal proximity alone by virtue of the brief time period between Plaintiff's complaint and her subsequent termination.

55. Defendants' actions were taken with a willful and wanton disregard of Plaintiff's rights under Title VII.

56. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## AS AND FOR A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYSHRL AGAINST ALL DEFENDANTS

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

58. The New York State Executive Law § 296(1)(a) provides in pertinent part:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

59. Defendants violated this section as set herein.

## AS AND FOR A THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE NYSHRL AGAINST ALL DEFENDANTS

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because she has opposed any practices forbidden under this article."

62. Defendants violated this section as set forth herein.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NYCHRL AGAINST ALL DEFENDANTS

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

64. The New York City Administrative Code §8-107(1) provides:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

65. Defendants violated this section as set forth herein.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR RETALIATION UNDER THE NYCHRL AGAINST ALL DEFENDANTS

66. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

67. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

68. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that the practices complained of herein are unlawful under Title VII, the NYSHRL, and the NYCHRL;

B. Declare that the actions of the Defendants constituted unlawful discrimination and/or retaliation;

C. Grant an injunction and Order permanently restraining Defendants from engaging in such unlawful conduct;

D. Determine the compensatory damages sustained by Plaintiff as a result of Defendants' violations of Title VII, the NYSHRL and the NYCHRL, and award those damages against Defendants and in favor of Plaintiff, plus such pre-judgment and post-judgment interest as may be allowed by law;

E. Award Plaintiff punitive damages because Defendants' violations of the law were sufficiently egregious to warrant same;

F. Award Plaintiff her reasonable attorneys' fees, costs, and disbursements in this case including, without limitation, any accountants' or experts' fees; and

G. Grant Plaintiff such other and further relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all questions of fact raised by the complaint.

Dated: Jamaica, New York
      December 9, 2025               Respectfully submitted,

**SAGE LEGAL LLC**

By: */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Leila Renee Grubbs*