UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LEILA RENEE GRUBBS,

          Plaintiff,

   -against-

ESSEN MEDICAL ASSOCIATES, P.C.  d/b/a
ESSEN HEALTH CARE, ESSEN MEDICAL
URGICARE, PLLC and DIEGO VALDEZ,

          Defendants.

------------------------------------------------------------------X

Civil Action No. 1:25-cv-10204-PAE

**ANSWER TO**
**COMPLAINT**

Defendants, ESSEN MEDICAL ASSOCIATES, P.C. sued incorrectly as ESSEN MEDICAL ASSOCIATES, P.C. d/b/a ESSEN HEALTH CARE, ESSEN MEDICAL URGICARE, PLLC and DIEGO VALDEZ by their attorneys, CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP, upon information and belief, as and for an Answer to Plaintiff's Complaint, set forth as follows, please note, Plaintiff's complaint fails to correctly number each paragraph and as such, we have followed the numbers as indicated in the complaint and have designated them (2), (3) and so forth when the numbers repeated:

1.      Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "1" in that Plaintiff is bringing the lawsuit and deny any liability on the part of Defendants related to same.

2.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "2".

3.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "3".

### JURISDICTION AND VENUE

4.      Defendants neither admit or deny the allegations contained in the paragraph of the

Complaint herein designated as "4" and refer all questions of law concerning jurisdiction to this Honorable Court.

5.      Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "5" and refer all questions of law concerning supplemental jurisdiction to this Honorable Court

6.      Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "6" and refer all matters of law to this Honorable Court.

## **PARTIES**

6 (2).      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "6 (2)".

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "7".

8.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "8".

9.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated "9".

10.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated "10".

11.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "11".

12.      Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "12".

13.      Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in the paragraph of the Complaint herein designated as "13".

## PROCEDURAL BACKGROUND

10(2).  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "10(2)".

11(2).  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "11(2)".

12(2).  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "12(2)".

13(2).   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "13(2)".

## FACTS

13(3).  Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "13(3)".

14.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "14".

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "15".

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "16".

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "17".

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "18".

19.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as"19".

20.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "20".

21.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "21".

22.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "22".

23.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "23".

24.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "24".

25.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "25".

26.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "26".

27.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "27".

28.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "28".

29.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "29".

30.    Defendants deny the allegations contained in the paragraph of the Complaint herein

designated as "30".

31.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "31".

32.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "32".

33.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "33".

34.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "34".

35.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "35".

36.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "36".

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "37".

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "38".

39.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "39".

40.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "40".

41.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "41".

42.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "42".

43.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "43".

44.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "44".

45.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "45".

46.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "46".

47.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "47".

48.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "48".

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION UNDER TITLE VII

49.    In response to the paragraph of the Complaint designated as "49", Defendants repeat, reiterate, and reallege each and every response to each and every allegation contained in the paragraphs herein designated "1" through and inclusive of "48" of the Complaint as if same had been more fully and at length set forth herein.

50.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint herein designated as "50".

51.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "51".

52.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "52".

53.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "53".

54.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "54".

55.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "55".

56.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "56".

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER HE NYSHRL

57.     In response to the paragraph of the Complaint designated as 57", Defendants repeat, reiterate, and reallege each and every response to each and every allegation contained in the paragraphs designated "1" through and inclusive of "56" of the Complaint as if same had been more fully and at length set forth herein.

58.     Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "58" and refer all questions of law to this Honorable Court except to the extent this paragraph alleges liability against the Defendant same is denied.

59.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "59".

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION FOR RETALIATION UNDER THE NYSHRL

60.     In response to the paragraph of the Complaint designated as "60", Defendants

repeat, reiterate, and reallege each and every response to each and every allegation contained in the paragraphs designated "1" through and inclusive of "37" of the Complaint as if same had been more fully and at length set forth herein.

61.    Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "61" and refer all questions of law to this Honorable Court except to the extent this paragraph alleges liability against the Defendant same is denied.

62.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "62".

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNER THE NYCHRL

63.    In response to the paragraph of the Complaint designated as "63", Defendants repeat, reiterate, and reallege each and every response to each and every allegation contained in the paragraphs designated "1" through and inclusive of "62" of the Complaint as if same had been more fully and at length set forth herein.

64.    Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "64" refer all questions of law to this Honorable Court except to the extent this paragraph alleges liability against the Defendant same is denied.

65.    Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "65".

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYCHRL

66.    In response to the paragraph of the Complaint designated as "66", Defendants repeat, reiterate, and reallege each and every response to each and every allegation contained in the paragraphs designated "1" through and inclusive of "65" of the Complaint as if same had been

more fully and at length set forth herein.

67.     Defendants neither admit nor deny the allegations contained in the paragraph of the Complaint herein designated as "67" refer all questions of law to this Honorable Court except to the extent this paragraph alleges liability against the Defendant same is denied.

68.     Defendants deny the allegations contained in the paragraph of the Complaint herein designated as "68".

69.     All allegations not hereinbefore specifically addressed are hereby denied.

**PLEASE TAKE FURTHER NOTICE**, that the following affirmative defenses are set forth as follows:

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

70.     Plaintiff's Complaint fails to state a cause of action cognizable in law of equity against Defendants, and the Complaint must therefore be dismissed.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

71.     Any adverse conditions associated with Plaintiff's employment, as alleged in the Complaint, were based upon legitimate, non-discriminatory reasons, and Plaintiff's Complaint should therefore be dismissed.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

72.     Plaintiff has not met all of the pre-conditions to filing the instant action in court, as set forth in the N.Y. Exec. Law § 296, *et seq.,* and Plaintiff's Complaint must therefore be dismissed.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

73.     Plaintiff has failed to mitigate her damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74.     Plaintiff's action is barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75.     The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76.     Without admitting the existence of same, any injuries, losses or damages which Plaintiff claims to have suffered as alleged in the Complaint are attributable in whole or in part by the culpable conduct and/or negligence of other parties and/or non-parties and/or the Plaintiff in the circumstances, and Defendants are entitled to judgment dismissing the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77.     The acts and/or omissions of Defendants as alleged in the Complaint were not the proximate cause of Plaintiff's purported damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78.     Plaintiff's damages alleged in the Complaint were the result of intervening causes or the acts of third parties which were not under the control of Defendants, and which were not caused by Defendants and therefore, the Complaint must be dismissed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79.     The claims are barred to the extent that Plaintiff failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

80.     Some or all of Plaintiff's claims are barred by applicable Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

81.     The Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of Civil Rights.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

82.     Defendants show that at all times relevant hereto, her actions or inactions with respect to Plaintiff was carried out in the good faith performance of her official duties and pursuant to a good faith and reasonable belief that said actions or inactions were lawful and constitutional. Therefore, these defendants are immune from the purported claims and causes of action set forth in Plaintiff's Complaint.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

83.     Plaintiff's Complaint fails to state a claim for punitive damages against Defendants.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

84.     Some or all of Plaintiff's damages claims are limited or capped by Statute and Plaintiff is prohibited from claiming or collecting damages which exceed any stated cap.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

85.     To the extent as may be shown by evidence through discovery, Defendants assert that the matters in questions and Plaintiff's damages, if any, were caused by acts and/or failures to act of persons other than Defendants.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

86.     Plaintiff claims are barred by the Statute of Frauds.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

87.     Plaintiff has not alleged and cannot prove that she was deprived of rights pursuant to a policy, practice procedure or custom of the Defendants.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's action is barred by her failure to comply with Defendants' valid anti-discrimination policy.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

89.     The Defendants herein deny liability; however, if a measure of damage of fifty percent or less is found against these Defendants, then these Defendants are entitled to the limitations of liability in CPLR Article 16.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

90.     Plaintiff's claims lack merit because any alleged actions of Defendants at issue were based upon legitimate non-discriminatory and non-retaliatory reasons.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

91.     Even if Plaintiff were able to prove that Defendants' actions and decisions were motivated, in part, by discriminatory intent (which she cannot), Plaintiff's claims fail because

Defendants would have taken the same actions and made the same decisions irrespective of any

allegedly discriminatory intent.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

92.     Defendant asserts as if fully set forth herein each affirmative defense enumerated

in Rule 8 of the Federal Rules of Civil Procedure to the extent applicable and developed by the

evidence in discovery.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

93.     Plaintiff herein asserts allegations outside the scope of the EEOC/NYSDHR charge

and as such are barred.

### RESERVATION OF RIGHTS TO ASSERT OTHER DEFENSES

94.     Defendants reserve the right to raise additional affirmative and other defenses that

may subsequently become or may appear applicable to Plaintiff's claims.

### PRAYER FOR RELIEF

**WHEREFORE**, ESSEN MEDICAL ASSOCIATES, P.C. sued incorrectly as ESSEN

MEDICAL ASSOCIATES, P.C. d/b/a ESSEN HEALTH CARE, ESSEN MEDICAL

URGICARE, PLLC and DIEGO VALDEZ respectfully request judgment against Plaintiff as

follows:

a.  Dismissing Plaintiff's Complaint with prejudice;

b.  Denying relief sought therein;

c.  Awarding the Defendants their costs, expenses, disbursements, and attorneys' fees in

defending Plaintiff's claims; and

d.  For such other, further, and different relief as this Court may deem just and proper.

### DEFENDANTS HEREBY DEMAND A TRIAL BY JURY

Dated: Farmingdale, New York
        March 10, 2026

                                        **CRUSER, MITCHELL, NOVITZ,**
                                        **SANCHEZ, GASTON & ZIMET, LLP**


                                        _Rondiene E. Novitz_

                                        _____
                                        By: Rondiene E. Novitz, Esq.
                                        Attorneys for Defendants
                                        341 Conklin Street
                                        Farmingdale, New York 11735
                                        516-586-8513
                                        File No. 70039.033


TO:
Emanuel Kataev, Esq.
SAGE LEGAL LLC
Attorneys for Plaintiff
182-11 Jamaica Avenue
Jamaica, NY  11423-2327
(718) 412-2421
Email:  emanuel@sagelegal.nyc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------  ----------------------------------X

LEILA RENEE GRUBBS,                                    Civil Action#:
                                                      1:25-cv-10204

                              Plaintiff,

          -against-

ESSEN MEDICAL ASSOCIATES, P.C.  d/b/a
ESSEN HEALTH CARE, ESSEN MEDICAL
URGICARE, PLLC and DIEGO VALDEZ,

                              Defendants.

-------------------------------------------------------------X

### CERTIFICATE OF SERVICE

          I hereby certify that on March 10, 2026, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

TO:
Emanuel Kataev, Esq.
SAGE LEGAL LLC
Attorneys for Plaintiff
182-11 Jamaica Avenue
Jamaica, NY  11423-2327
(718) 412-2421
Email:  emanuel@sagelegal.nyc

_____
          RONDIENE E. NOVITZ, ESQ.

UNITED STATES DISTRICT COURT         Civil Action#: 1:25-cv-10204
SOUTHERN DISTRICT OF NEW YORK

LEILA RENEE GRUBBS,

Plaintiff,

-against-

ESSEN MEDICAL ASSOCIATES, P.C.  d/b/a ESSEN HEALTH CARE, ESSEN MEDICAL
URGICARE, PLLC and DIEGO VALDEZ,

Defendants.

**ANSWER TO COMPLAINT**

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
ATTORNEYS AT LAW
*Attorneys for Defendants*
341 Conklin Street
Farmingdale, New York 11735
(516)586-8513

*Dated March   10, , 2026*         *Signature:*_____
                                          *Print Signer's name:* **_RONDIENE E. NOVITZ, ESQ._**

{SECURE Firm/70039/00028/PLEADING/04199551.DOCX }
4897-1380-0086, v. 1